**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **In re:**<br><br>**NC GAS HOUSE GANG LLC,**<br><br>**Debtor.** | **Case No. 23-18766-LSS**<br>**(Chapter 11 – Subchapter V)** |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
OR, ALTERNATIVELY, CONVERT CASE TO CHAPTER 7**

Gerard R. Vetter, Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, moves this Court to dismiss the case filed by NC Gas House Gang LLC, the debtor and debtor in possession (the "Debtor"), pursuant to 11 U.S.C. § 1112 (the "Bankruptcy Code") or, in the alternative, to convert the case to Chapter 7. The Debtor has failed to maintain appropriate insurance that poses a risk to the estate or the public. In support of this motion, the United States Trustee states as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to hear this objection under 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue before this Court is proper under 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested herein are sections 105 and 1112(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9013, 9014.[1]

4. The United States Trustee has standing to bring this objection pursuant to 11 U.S.C. § 307 and is entrusted with monitoring the progress of cases filed under chapter 11 pursuant to 28 U.S.C. § 586(a)(3)(G).

[1] Pursuant to Local Bankruptcy Rule 9013-2, the U.S. Trustee relies solely upon the present motion, and no additional memorandum of fact or law will be filed in support.

**Background**

5. On December 1, 2023 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V, of Title 11 of the United States Code.

6. On December 5, 2023, the United States Trustee appointed Marc Albert as the Subchapter V Trustee (the "Trustee"), pursuant to 28 U.S.C. § 586.

7. The Debtor has been operating its business pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. The Debtor is a business formed to, *inter alia*, own and operate a minor league baseball team in Gastonia, North Carolina, known as the Gastonia Honey Hunters. In addition, the Debtor hosts events at the stadium it leases from the City of Gastonia.

9. On December 7, 2023, the City of Gastonia filed an Emergency Motion for an Order (I) Compelling the Immediate Rejection of Executory Agreements or, (II) in the Alternative, Modifying the Automatic Stay to Allow the City to Exercise its State Law Rights and Remedies [Dkt. No. 19] (the "Stay Motion"). In the Stay Motion, the City of Gastonia asserted that the Debtor did not have any commercial general liability insurance or umbrella excess liability insurance, which constituted an event of default under its agreement.

10. The Debtor opposed the Stay Motion. Dkt. Nos. 24 and 48.

11. The Court held an emergency hearing on the Stay Motion on December 8, 2023, and entered the Order Directing Debtor to Obtain Insurance, Shortening Objection Deadline, and Setting Expedited Hearing on Emergency Motion ("Insurance Order"). Dkt. No. 30. In the Insurance Order, the Court ordered that "no later than **Monday, December 11, 2023 at 5:00 p.m.**, Debtor shall provide to the City of Gastonia certificate(s) of insurance showing that Debtor holds commercial general liability insurance and umbrella excess liability insurance that satisfies all requirements under the Use and Operating Agreement and the Exclusive Use Area Lease

Agreement, including, without limitation, naming the City of Gastonia as an additional insured." *Id*.

12. The Debtor failed to comply with the Insurance Order, and on December 11, 2023, the City of Gastonia filed the Affidavit of Ashley A. Edwards notifying the Court of such failure. Dkt. No. 45.

13. On December 12, 2023, counsel for the Debtor provided the United States Trustee with a copy of a Certificate of Liability Insurance, dated December 12, 2023, evidencing $5 million in commercial general liability insurance for the period December 8, 2023 to January 4, 2024 ("December 12 Certificate of Insurance"). A copy of the December 12 Certificate of Insurance is attached as **Exhibit 1.** The certificate did not provide excess umbrella coverage as required by the Insurance Order.

14. Thereafter, on December 14, 2023, the Court held a hearing on the Stay Motion. On December 19, 2023, the Court issued its oral ruling on the record granting the Stay Motion, finding in part, that the Debtor's failure to maintain appropriate insurance was a factor in its decision. Dkt. No. 62.

15. Pursuant to the December 12 Certificate of Insurance, the expiration of the policy occurred on January 4, 2024.

16. In addition to the commercial general liability insurance and excess umbrella coverage, the United States Trustee requires that the Debtor provide appropriate personal property insurance and workers' compensation insurance. On four separate occasions, the United States Trustee requested, without success, proof of insurance for these coverages as well. *See* Email correspondence from J. Jacobs, dated December 4, 2023, December 11, 2023, December 18, 2023, and January 4, 2024, attached as **Exhibit 2**.

17. To date, the Debtor has not provided the United States Trustee with documentation showing that the Debtor has the proper commercial general liability insurance, umbrella coverage, personal property insurance, or workers' compensation insurance.

## Legal Standard

### I. Cause Exists To Dismiss the Case

18. Section 1112 of the Bankruptcy Code governs conversion or dismissal of chapter 11 cases and provides in relevant part: "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate for cause . . . ." 11 U.S.C. § 1112(b)(1).

19. Section 1112(b)(4) of the Bankruptcy Code enumerates 16 definitions of "cause," including failure to maintain appropriate insurance that poses a risk to the estate or the public. Section 1112(b)(4)(C).

20. In the present case, cause exists to dismiss this case because the Debtor has failed to maintain appropriate insurance that poses a risk to the estate and to the public.

21. The Debtor has struggled from the inception of this case to obtain the appropriate insurance. Although the Debtor was able to place the December 12 Certificate of Insurance, such policy has expired on its own terms. In addition, the December 12 Certificate of Insurance did not provide the required umbrella coverage, personal property coverage, or workers' compensation coverage.

22. As such, the Debtor has failed to maintain appropriate insurance. This failure poses a risk to the estate and the public should anything happen to the real property, personal property or employees. The Debtor's failure to maintain appropriate insurance constitutes cause to dismiss the case.

## II. Dismissal is in the Best Interest of Creditors and the Estate

23. Once cause has been established, the Court must exercise its discretion to determine which action – conversion or dismissal – is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b)(1), *see Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.*), 14 F.3d 240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (After cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate).

24. In determining which remedy, dismissal or conversion, is in the best interests of creditors and the estate, the Court should consider the following factors:

> A. whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal;
> B. whether there would be a loss of rights granted in the case if it were dismissed rather than converted;
> C. whether the debtor would simply file a further case upon dismissal;
> D. the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;
> E. in assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise;
> F. whether any remaining issues would be better resolved outside the bankruptcy forum;
> G. whether the estate consists of a 'single asset';
> H. whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;
> I. whether a plan had been confirmed and whether any property remains in the estate to be administered; and
> J. whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012) (quoting 7 COLLIERS ON BANKRUPTCY [SECTION] 1112.04[7]).

25. The United States Trustee believes that the estate and the creditors' best interests would be served by dismissing this case. Based on the Debtor's Schedules, the total value of all

its property is $8,615, and yet its liabilities are $2.5 million. There does not appear to be any funds available to administer to unsecured creditors. As such, the United States Trustee believes that dismissal would allow the parties to promptly exercise any rights available at state law. In fact, the Court has already granted the City of Gastonia relief from the automatic stay to pursue its state-law rights and remedies.

26. If the Court determines that dismissal is not in the best interest of the creditors, the United States Trustee requests that the case be converted to a chapter 7 liquidation.

27. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

28. Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to final judgment orders in this matter by a bankruptcy judge.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order dismissing the case or, in the alternative, converting the case to chapter 7, and granting such other and further relief as this Court deems necessary and appropriate.

Dated: January 8, 2024

**GERARD R. VETTER**
Acting United States Trustee, Region 4

By Counsel

/s/ *Lisa Yonka Stevens*
Lisa Yonka Stevens, Bar No. 27728
Trial Attorney
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
Email: Lisa.Y.Stevens@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 8, 2024, a copy of the United States Trustee's Motion to Dismiss Case or, Alternatively, Convert Case to Chapter 7 was served via ECF notification to:

- Marc E. Albert marc.albert@stinson.com, porsche.barnes@stinson.com
- Ronald J Drescher ecfdrescherlaw@gmail.com, ron@clegolftour.com,ecf2drescherlaw@gmail.com,ecf@drescherlaw.com,myecfdrescher@gmail.com,284@notices.nextchapterbk.com,heather@propelparalegal.com,propel@drescherlaw.com
- Rick M Grams rgrams@mcneeslaw.com
- L. Jeanette Rice Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Brent C. Strickland bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
- US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

And by first-class mail, postage prepaid, to:

Ashley A. Edwards
Parker Poe Adams & Bernstein LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202

David W. Gaffey
Whiteford Taylor & Preston, L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

C/O Jami B. Nimeroff Sedexo
Brown McGarry Nimeroff LLC
Two Penn Center, Suite 610
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

*/s/ Lisa Yonka Stevens*
Lisa Yonka Stevens