**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 23-18766-LSS** |
| **NC GAS HOUSE GANG, LLC** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |

**NC GAS HOUSE GANG, LLC'S OBJECTIONS AND RESPONSES TO**
**AMENDED FIRST REQUEST FOR ADMISSIONS TO NC GAS HOUSE GANG, LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 36, NC Gas House Gang, LLC (the "Liquidating Debtor"), by her undersigned counsel, hereby serves the following Objections and Answers to the First Requests for Admissions to NC Gas House Gang, LLC (the "Requests") issued by the City of Gastonia ("Gastonia").

**PRELIMINARY STATEMENT**

1. Nothing contained in any objection herein will be deemed to be an admission, concession, or waiver by the Liquidating Debtor as to the relevance, materiality, or admissibility of any information contained in any response to the Requests. The Liquidating Debtor expressly reserves the right to: (i) object on any ground to the use of any information provided in response to the Requests at any time and in any proceeding in this case or any other cases; and (ii) assert further objections to the discoverability, relevance and/or admissibility of any such information on any and all grounds.

2. No objection or response by the Liquidating Debtor to any particular Request shall be deemed an admission regarding the existence or nonexistence of responsive information, or that Liquidating Debtor acknowledges the propriety of the Request.

3. Liquidating Debtor's objections and responses to Gastonia's objections and responses to the Requests are based on the information available as of the date of such objection and/or response, and Liquidating Debtor reserves the right to supplement, amend, and/or withdraw these objections and future responses should future investigation indicate that such supplementation, amendment, and/or withdrawal is necessary.

4. All capitalized terms not otherwise defined herein will have the meaning assigned to them in Gastonia's Requests.

5. Liquidating Debtor's counsel is available to meet and confer with Gastonia's counsel with regard to Liquidating Debtor's Objections to the Requests.

**GENERAL OBJECTIONS**

1. Liquidating Debtor objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable rules and orders of the Court.

2. Liquidating Debtor objects to each Request to the extent that it calls for production of a privilege log for internal documents of Liquidating Debtor. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine and other privileges protecting such internal documents from discovery.

3.. Liquidating Debtor objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Liquidating Debtor occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Liquidating Debtor incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Liquidating Debtor does not waive its right to amend its responses.

**OBJECTIONS AND RESPONSES**

1. Admit that prior to filing the Fuller Objection, the Firm did not file any disclosure with the Bankruptcy Court identifying "connections" with any entity listed in Rule 2014(a)(2)(F).

**Answer: DENIED. A verified statement was attached to the Fuller Application.**

2. Admit that the Firm did not request approval from the Bankruptcy Court to represent any party other than the Debtor in connection with the Bankruptcy Case.

**Answer: ADMITTED.**

3. Admit that the Firm did not file an application with the Bankruptcy Court seeking approval of any compensation or reimbursement of expenses in connection with any services rendered to or on behalf of the Debtor.

**ANSWER: ADMITTED** that Firm has yet not sought approval of compensation for preconfirmation work but, on information and belief, it intends to do so and it will seek approval of compensation for postconfirmation work if the court requires it do so.

4. Admit that, notwithstanding that the Disclosure of Compensation states that the Firm has received $93,000.00 for services rendered to the Debtor, the Firm did not, in fact, render services to the Debtor in the amount of $93,000.00.

**ANSWER: DENIED.**

5. Admit that the compensation received by the Firm and disclosed in the Disclosure of Compensation includes compensation received by the Firm for work performed for or on behalf of one or more individuals or entities other than the Debtor.

**ANSWER: DENIED.**

6. Admit that the Bankruptcy Court did not authorize or approve the payment of compensation to the Firm for services rendered to or on behalf of the Debtor.

**ANSWER: ADMITTED** that Firm has yet not sought approval of compensation for preconfirmation work but, on information and belief, it intends to do so and it will seek approval of compensation for postconfirmation work if the court requires it do so.

7. Admit that Exhibit A attached hereto is a true and correct copy of the *Economic Development Agreement* dated June 23, 2020 (the "EDA").

**ANSWER: ADMITTED.**

8. Admit that Exhibit B attached hereto is a true and correct copy of the *Assignment and Assumption of Economic Development Agreement* dated October 12, 2020 (the "Assignment").

**ANSWER: ADMITTED**

9. Admit that Exhibit C attached hereto is a true and correct copy of the *North Carolina General Warranty Deed* executed by the City of Gastonia as grantor and recorded with the Register of Deeds of Gaston County, North Carolina on December 31, 2020 (the "City Deed").

**ANSWER: ADMITTED**

10. Admit that Exhibit D attached hereto is a true and correct copy of the *Deed of Trust* executed by Fuse Gastonia LLC and recorded with the Register of Deeds of Gaston County, North Carolina on December 31, 2020.

**ANSWER: ADMITTED**

11. Admit that Exhibit E attached hereto is a true and correct copy of the *North Carolina Special Warranty Deed* executed by Fuse Gastonia LLC as grantor and recorded with the Register of Deeds of Gaston County, North Carolina on December 31, 2020.

**ANSWER: ADMITTED**

12. Admit that prior to filing the Fuller Objection, the Debtor did not file with the Bankruptcy Court any schedules, statements, or documents disclosing any interest by the Debtor in the EDA.

**ANSWER: ADMITTED. The EDA was in the name of Project Velocity, a collection of entities, of which the Liquidating Debtor was one.**

13. Admit that prior to filing the Fuller Objection, the Debtor did not file with the Bankruptcy Court any schedules, statements, or documents disclosing any interest by the Debtor in the properties identified in Exhibit B to the EDA (collectively, the "Properties").

**ANSWER. ADMITTED. The Liquidating Debtor had no interest in the Properties.**

14. Admit that prior to filing the Fuller Objection, the Debtor did not file with the Bankruptcy Court any schedules, statements, or documents disclosing the Debtor's assignment of all of its rights, title, and interest in the EDA to Gastonia Airline LLC.

**ANSWER. ADMITTED. The Statement of Financial Affairs does not require the disclosure of transfers made more than two years before bankruptcy. Further, Wyoming**

**law does not allow the avoidance of transfers made more than two years before bankruptcy.**

15. Admit that prior to filing the Fuller Objection, the Debtor did not file with the Bankruptcy Court any schedules, statements, or documents disclosing that the Debtor assigned all of its rights, title, and interest in the Properties to Gastonia Airline LLC.

**ANSWER. ADMITTED. The Statement of Financial Affairs does not require the disclosure of transfers made more than two years before bankruptcy. Further, Wyoming law does not allow the avoidance of transfers made more than two years before bankruptcy.**

16. Admit that prior to filing the Fuller Objection, the Debtor did not file with the Bankruptcy Court any schedules, statements, or documents disclosing any interest by the Debtor in Gastonia Airline LLC.

**ANSWER. ADMITTED.**

17. Admit that, pursuant to the EDA, the Debtor acquired an interest in the Properties.

**OBJECTION: Debtor objects to this question to the extent it requests a legal interpretation of the EDA. The EDA is a legal document which speaks for itself.**

**ANSWER: Without waiving said objection, DENIED. The EDA was in the name of Project Velocity.**

18. Admit that, pursuant to the EDA, the Debtor was entitled to have the City convey ownership of the Properties to the Debtor.

**OBJECTION: Debtor objects to this question to the extent it request a legal interpretation of the EDA. The EDA is a legal document which speaks for itself.**

**ANSWER: Without waiving said objection, DENIED. The EDA was in the name of Project Velocity.**

19. Admit that the Debtor may have claims or causes of action against Gastonia Airline LLC arising from or related to the Properties.

**OBJECTION: Liquidating Debtor objects to this question as vague and calling for a legal conclusion.**

**ANSWER: Without waiving said objection, DENIED. Among other difficulties, the deadline to commence chapter 5 actions has past. Further, neither federal nor Wyoming law would allow the avoidance of transfers more than two years before a bankruptcy.**

20. Admit that the Debtor may have claims or causes of action against Gastonia Airline LLC arising from or related to the Assignment.

**OBJECTION: Liquidating Debtor objects to this question as vague and calling for legal conclusion.**

**ANSWER: Without waiving said objection, DENIED. Among other difficulties, the deadline to commence chapter 5 actions has past. Further, neither federal nor Wyoming law would allow the avoidance of transfers more than two years before a bankruptcy.**

21. Admit that the Debtor has not investigated whether it may have any claims or causes of action against Gastonia Airline LLC.

**ANSWER: Denied.**

22. Admit that the Debtor has not investigated whether it may have any claims or causes of action against Bellamy or any entities that are Affiliates of Bellamy.

**ANSWER: Denied.**

23. Admit that the Firm would have an actual conflict of interest in pursuing any claim

or cause of action against Gastonia Airline LLC, including, but not limited to, any claim or cause of action pertaining to the Properties.

**ANSWER: Admitted.**

24. Admit that the Firm would have an actual conflict of interest in pursuing any claim or cause of action against Gastonia Airline LLC, including, but not limited to, any claim or cause of action pertaining to the Assignment.

**ANSWER: Admitted.**

25. Admit that the Firm would have an actual conflict of interest in pursuing any claim or cause of action against Veronica Jeon.

**ANSWER: Admitted.**

26. Admit that, on or after the Petition Date, the Debtor has exercised control over the Properties.

**ANSWER: Denied.**

27. Admit that, on or after the Petition Date, the Debtor has exercised rights under the EDA.

**ANSWER: Admitted that Liquidating Debtor, as one of the entities in Project Velocity, exercise certain rights under the EDA.**

28. Admit that, on or after the Petition Date, the Debtor has exercised control over Gastonia Airline LLC.

**ANSWER: Denied.**

29. Admit that, on or after the Petition Date, Bellamy has exercised control over the Debtor.

**ANSWER: Admitted.**

30. Admit that, on or after the Petition Date, Bellamy has exercised control over Gastonia Airline LLC.

**Objection: Liquidating Debtor objects to this request as vague. It is unclear what Gastonia means by "control." Liquidating Debtor interprets this to mean total control over decisions made by Gastonia Airline LLC.**

**ANSWER: DENIED.**

Dated: February 5, 2026

Respectfully submitted

/s/ *Justin P. Fasano*
Justin P. Fasano (Fed Bar No. 28659)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
jfasano@mhlawyers.com
*Counsel for NC Gas House Gang, LLC (potentially subject to court approval)*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2026, a copy of the foregoing was served by first class mail, postage prepaid, to the following attorneys.

Phillip M. Fajgenbaum, Esq.
Daniel E. Peterson, Esq.
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
E-mail: phillipfajgenbaum@parkerpoe.com
E-mail: danielpeterson@parkerpoe.com

Brent C. Strickland, Esq.
David W. Gaffey, Esq.
WHITEFORD, TAYLOR & PRESTON LLP
111 Rockville Pike, Suite 800
Rockville, Maryland 20852
Phone: (410) 347-9402
Email: bstrickland@whitefordlaw.com
Email: dgaffey@mhlawyers.com

/s/ *Justin P. Fasano*
Justin P. Fasano

1.